## BELL v. HANOVER NAT. BANK.

### (Circuit Court, S. D. New York. September 30, 1893.)

**1 NATIONAL BANKS—INSOLVENCY—TRANSFER OF DEPOSIT.**

Rev. St. § 5242, which declares all deposits, all transfers of deposits, and all payments of money made by a national bank after an act of insolvency, or in contemplation thereof, to be null and void, does not render illegal the retention of a balance standing to the credit of an insolvent national bank with a correspondent on the day of its failure, which has been pledged for the purpose of securing loans made by the correspondent to the insolvent bank.

**2. SAME—INSOLVENCY—PLEDGE OF DEPOSIT WITH CORRESPONDENT.**

Where a deposit with a correspondent has, long prior to the commission of the act of insolvency by a national bank, been pledged as collateral to secure the payment of loans made to the insolvent by its correspondent, neither the subsequent insolvency of the bank, nor the appointment of the receiver, destroys the lien of the correspondent, or its right to dispose of the pledge to satisfy the debt secured.

**3. SAME—POWERS OF PRESIDENT.**

Authority of the president of a national bank to contract with a correspondent that a deposit with the correspondent to the credit of the bank shall stand as collateral for loans made by the correspondent to the bank may be established by proof of the course of business, and by the usage and practice which the directors have permitted to grow up in the business of the bank, and by the knowledge which the board of directors must be presumed to have had of the acts of its subordinates in the affairs of the bank.

**4. SAME—EVIDENCE.**

In an action by the receiver of an insolvent national bank against a correspondent to recover the amount of a deposit by the insolvent bank with its correspondent, the evidence showed that the board left it to the president, as the agent of the bank, to negotiate loans, and to make such contracts as to repayment and security as were lawful and usual. *Held,* that the evidence was sufficient to establish the authority of the president to pledge the deposit with the correspondent as security for loans by it to the insolvent bank.

At Law. Action by Ortha C. Bell, as receiver of the First National Bank of Red Cloud, Neb., against the Hanover National Bank, of New York city, to recover the amount of a deposit by the insolvent bank with the defendant.

Mitchell & Mitchell, for plaintiff.

Moore & Wallace, for defendant.

LACOMBE, Circuit Judge. The retaining of the balance standing to the credit of the Bank of Red Cloud on the day of its failure was not a transfer of deposit, within the meaning of section 5242, Rev. St. U. S., which apparently contemplates a transfer by the insolvent bank. Bank v. Colby, 21 Wall. 613. The deposit had been pledged (assuming the contract of February 1, 1890, to be valid) long prior to the commission of the act of insolvency, as collateral to secure the payment of the loans made to the Bank of Red Cloud by defendant. Neither the subsequent insolvency of the bank, nor the appointment of the receiver, destroyed the lien of defendant, nor its right to dispose of the pledge to satisfy the

debt thus secured. Scott v. Armstrong, 146 U. S. 510, 13 Sup. Ct. Rep. 148. The agreement by which deposits with the defendant were pledged as collateral security for the discounted notes does not appear upon its face to be the contract of the Bank of Red Cloud, but the evidence is sufficient to show that such an agreement was made between the defendant bank and Shirey, the president of the Red Cloud Bank, professing to act on its behalf. It is true that no express authority from the board of directors to make such an agreement is shown, but the contract is not an unusual one, and authority to make it may be established by proof of the course of business, by the usages and practice which the directors may have permitted to grow up in the business of the bank, and by the knowledge which the board of directors must be presumed to have had of the acts and doings of its subordinates in and about the affairs of the corporation. Mahoney Min. Co. v. Anglo-Californian Bank, 104 U. S. 194. The evidence in this case abundantly shows that the board left it to the president, as their agent and the bank's, to negotiate loans, and make such contracts as to repayment and security as are lawful and usual,—sufficiently so, at least, to bind the bank in such transactions with third persons, when the bank has received the benefit of such contract, without objections, for more than a year. Martin v. Webb, 110 U. S. 7, 3 Sup. Ct. Rep. 428.

Whatever set-off or counterclaim may arise from the transactions between the two banks is equitable, and this court would have no right to grant it in an action at law, such as this is. Scott v. Armstrong, 146 U. S. 512, 13 Sup. Ct. Rep. 148. But, independently of any set-off, the particular deposit sued for is pledged for a specific purpose. It is only such balance of it as might be left after the lien upon it is satisfied that either the Bank of Red Cloud or the receiver is entitled to; and that, as the evidence shows, is nothing. Verdict directed for defendant.